# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **GULF COAST RENTAL CO L.L.C.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION 25-0057-WS-M |
| | ) |
| **CITY OF GULF SHORES, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

The plaintiff filed this action in state court in August 2022 as a petition for writ of mandamus, naming as defendants the City of Gulf Shores ("the City"), the Gulf Shores City Council, and Layla Andrews in her official capacity as the City's revenue supervisor. (Doc. 1-5 at 4). The complaint alleged that the defendants denied the plaintiff's application for a business license for the rental of golf carts within the City's corporate limits, in violation of the City code, City ordinances, Alabama law, and the defendants' prior actions and grant of licenses to others similarly situated to the plaintiff. Specifically, the plaintiff alleged that the defendants had granted other businesses licenses to sell, rent and/or operate golf carts and other vehicles similar to those for which the plaintiff sought approval. (*Id*. at 4-6). The plaintiff sought mandamus, declaratory judgment, and injunctive relief. (*Id*. at 7-10).

In February 2023, the plaintiff filed an amended pleading adding a count seeking writ of certiorari. (Doc. 1-5 at 153-61). In January 2025, the plaintiff filed a second amended pleading adding federal claims for violations of the Americans with Disabilities Act ("ADA"), substantive due process, and equal protection. (Doc. 1-6 at 166-80). The defendants timely removed in February 2025. (Doc. 1).

In April 2025, the parties jointly requested a discovery deadline of December 1, 2025. (Doc. 7 at 5). The next day, the Magistrate Judge established a discovery deadline

of December 12, 2025.  (Doc. 8 at 1).  The Rule 16(b) scheduling order explained that, by this deadline, all discovery requests and responses thereto must be served, all depositions taken, all non-party subpoenas issued and responded to, and all motions to compel filed.  (*Id*. at 2).

On December 11, 2025, the parties filed a joint motion to amend the scheduling order.  (Doc. 31).  The parties requested an extension of the discovery deadline until January 6, 2026, in order to accommodate the taking of five depositions.  For the plaintiff, these were the City's mayor ("Craft"), the City's administrator ("Walker"), and the defendants' expert.  For the defendant, these were the plaintiff and the plaintiff's expert. (Doc. 31).  The Magistrate Judge granted the motion, extending the discovery deadline to January 9, 2026.  (Doc. 32).

By January 7, 2026, all the listed depositions had been taken except those of Craft and Walker.  (Doc. 42 at 1).  On that date, and during his deposition, Craft experienced a serious medical issue that necessitated discontinuing his deposition.  (*Id*. at 1-2; Doc. 48 at 1).  Apparently as a consequence, the deposition of Walker did not proceed.  (*Id*.).

On January 8, 2026, the plaintiff served on the defendants a fourth set of written discovery.  (Doc. 37 at 1).  On the same date, the plaintiff served notice of intent to serve non-party subpoenas on eight entities.  (*Id*.).  On the same date, the plaintiff served supplemental discovery responses and supplemental initial disclosures, in which it identified Cliff McCollum as an additional witness.  (*Id*.; Doc. 38; Doc. 45 at 2).

On January 9, 2026, the discovery period expired pursuant to the Rule 16(b) scheduling order as amended.  At no time did any party seek a second extension of the discovery deadline.

Between January 15 and February 4, 2026, the parties filed the following motions:
- Defendants' motion to quash, (Doc. 41);
- Plaintiff's motion for extension of discovery deadline, (Doc. 42);
- Plaintiff's motion to compel, (Doc. 43);
- Defendants' motion to strike, (Doc. 45);
- Entity defendants' motion for summary judgment, (Doc. 49);

2

- Andrews' motion for summary judgment, (Doc. 51);
- Plaintiff's *Daubert* motion to exclude defense expert, (Doc. 53);
- Plaintiff's motion for partial summary judgment, (Doc. 54);
- Plaintiff's motion to defer ruling on Andrews' motion for summary judgment, (Doc. 59);
- Plaintiff's motion to defer ruling on the entity defendants' motion for summary judgment, (Doc. 60);
- Defendants' motion to strike, (Doc. 61).

The *Daubert* motion, and motions for summary judgment and partial summary judgment, are not ripe and will be addressed by separate orders. The remaining motions are ripe and will be resolved herein.

## I. Motion to Re-Open Discovery.[1]

Deadlines established in a Rule 16(b) scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The 'good cause' standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Jiminez v. U.S. Attorney General*, 146 F.4th 972, 1002 (11th Cir. 2025) (internal quotes omitted). The parties, and the Court, agree that Craft's medical issue provides good cause to permit the continuation of his deposition, and the taking of Walker's deposition, after the January 9 expiration of discovery. (Doc. 42 at 2; Doc. 48 at 1).[2]

---

[1] Because the discovery period expired before its motion was filed, what the plaintiff seeks is a re-opening of discovery, not its extension. Because the motion can be resolved under Rule 16(b)(4), the Court does not consider whether the plaintiff has shown, or could show, the excusable neglect required by Rule 6(b)(1)(B) to pursue its untimely motion.

[2] The plaintiff states there are only two 30(b)(6) deponents: Craft and "the remaining representative," (Doc. 57 at 9), presumably Walker. The plaintiff elsewhere suggests vaguely that there may be additional designees, (*id*. at 8; Doc. 59 at 3); however, because the plaintiff fails to identify any additional designees or even confirm that they exist, the plaintiff's motion, and the Court's relief, is restricted to Craft and Walker. This does not preclude the parties from

3

The defendants argue that good cause does not support altering the discovery period to permit the plaintiff to pursue its non-party subpoenas or its fourth round of written discovery of the defendants.  The plaintiff asserts that good cause exists because it was the deposition of its own 30(b)(6) representative on December 22, 2025 that first "necessitated the additional discovery," and because the discovery was propounded as promptly as possible thereafter, considering other demands on counsel's time.  (Doc. 43 at 2).  In a later filing, the plaintiff contradictorily asserts that good cause exists because the plaintiff purposely decided to delay other discovery until after Craft's deposition.  (Doc. 57 at 7-8).  Governing law, and the record, doom both arguments.

"The lack of diligence that precludes a finding of good cause is not limited to a plaintiff who has full knowledge of the information with which it seeks to amend its complaint before the deadline passes.  That lack of diligence can include a plaintiff's failure to seek the information it needs to determine whether an amendment is in order." *Southern Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 n.3 (11th Cir. 2009).  That is, a party's unreasonable delay in pursuing discovery can negate diligence and thus good cause.  *E.g., Jackson v. Winn-Dixie, Inc.*, 2008 WL 4183399 at *2 (S.D. Ala. 2008).  Such is the case here.

### A.  Written Discovery.

The plaintiff has propounded two interrogatories and nine requests for production. (Doc. 48 at 8-10).  The interrogatories and first two requests for production address information and documents supporting the proposition that the operation of golf carts and low-speed vehicles in the City "has created serious and chronic conditions of risk and disruption to" the safety of the public and the operators of such vehicles.  The remaining requests for production seek documents regarding:

---

agreeing among themselves to the deposition of additional 30(b)(6) designees, subject to the time constraints imposed in Part III.

- materials presented to the City or its representatives before the plaintiff's application was denied;
- a list of business licenses available in the City;
- other applicants for a similar business license, the disposition of their applications, and the grounds therefor;
- the application process for a business license;
- support for the denial of the plaintiff's application;
- support for the grounds for the denial of the plaintiff's application;
- special events applications for golf carts and/or low-speed vehicles.

The interrogatories and first two requests for production address public safety. The plaintiff says that it was defense counsel's deposition questioning of the plaintiff that "plac[ed] the City's public-safety rationale squarely at issue." (Doc. 57 at 2). This is plainly incorrect. As the plaintiff acknowledges, (*id.*), the discovery requests track the language of the City's Ordinance 2127. That ordinance regulates the rental and use of golf carts and low-speed vehicles, and the discovery requests are designed to test the reasoning the ordinance provides for its adoption. The ordinance and its rationale were placed in issue, not by defense counsel in December 2025, but by the plaintiff's pleading in January 2025. That pleading identifies Ordinance 2127 by number, describes its contents, and alleges that, by passing Ordinance 2127, the defendants violated the ADA. (Doc. 1-6 at 170-71, 176).

The plaintiff's explanations for why its need for the remaining production requests came into being only when it was deposed in late December are equally and obviously meritless. Special event applications were placed in issue by the amended pleading's allegation that vendors supplying golf carts and low-speed vehicles for special events are treated more favorably, (Doc. 1-6 at 169), and not, as the plaintiff bafflingly insists, (Doc. 57 at 6-7), by defense counsel's questioning of the plaintiff's deponent about the allegation. Astonishingly, the plaintiff asserts that the documents the defendants received before denying the plaintiff's application were not at issue until defense counsel asked the

5

plaintiff's deponent why the operative pleading alleges that the defendants acted arbitrarily and capriciously. (*Id*. at 4-5). The Court will not dignify the remainder of the plaintiff's argument in this vein with further discussion. All the outstanding discovery requests were painfully obvious subjects for discovery from the day this action was removed to federal court, if not before. The plaintiff therefore was not excused from pursuing such discovery until questioned at deposition.

As its second, contradictory explanation for its delay, the plaintiff affirms that it "intentionally sequenced discovery," with the City's deposition preceding written discovery. (Doc. 57 at 9). The plaintiff chose this path, it says, so that its written discovery could be "targeted follow-up ... rather than broad, unfocused" requests likely to elicit objection. (*Id*. at 7-9). This strategy, the plaintiff says, "demonstrates pragmatic diligence, not delay." (*Id*. at 6).

In the abstract, there is nothing inherently unreasonable about seeking the deposition of one's opponent before propounding written discovery. In this case, however, that deposition was delayed until two days before the discovery deadline. The Rule 16(b) scheduling order put the plaintiff on notice that all discovery -- including not just the issuance of requests but the receipt of responses -- had to be accomplished by that deadline. The plaintiff may or may not share responsibility for the delay in the City's deposition,[3] but it bore sole responsibility for adjusting its litigation strategy to ensure that any needed discovery was accomplished by the discovery deadline, even if that meant altering its preferred sequencing. Its refusal to do so resulted in unreasonable delay and is incompatible with diligence.

The plaintiff insists it acted diligently in propounding written discovery only one day after Craft's deposition. (Doc. 57 at 8). That is the wrong perspective. The plaintiff

---

[3] The parties did not even begin exchanging correspondence regarding depositions until September 2025. (Doc. 31 at 1).

was required to exercise diligence to propound its written discovery at least 30 days[4] before the discovery deadline.  Its unjustified failure to do so is fatal to its motion.

### B. Subpoenas.

The plaintiff's second amended pleading, filed in January 2025, asserts an equal protection cause of action.  (Doc. 1-6 at 178).  The pleading alleges that the defendants granted business licenses to similarly situated applicants to sell, rent and/or operate golf carts and other vehicles similar to those the plaintiff intended to rent.  (*Id*. at 169, 170, 178).  It further alleges that one entity ("Craft Farms") operates one or more golf courses in the City without a license to rent golf carts.  (*Id*. at 169).  The existence and circumstances of similarly situated businesses being treated more favorably than the plaintiff thus has at all times been not merely at issue but central to at least one of the plaintiff's causes of action.  The need for discovery into this matter has been obvious from the beginning.

The non-party subpoenas are directed to Craft Farms, four other golf clubs located within the City, and three entities that rent golf carts in coastal Alabama.  (Doc. 37 at 1; Doc. 57-1 at 16-17).  The plaintiff acknowledges that the purpose of these subpoenas is to develop comparator evidence.  (Doc. 57 at 5-6).

The plaintiff has long been aware of these potential comparators.  In its August 2025 discovery responses, the plaintiff expressly identified the three rental entities as comparators.  (Doc. 57 at 6; Doc. 57-1 at 15-17).  The plaintiff's January 2025 pleading expressly identified Craft Farms as being treated more favorably than the plaintiff.  (Doc. 1-6 at 169; Doc. 57-1 at 5).  The other four golf clubs apparently were not previously mentioned, but their status as golf clubs (presumably using golf carts) within the small confines of the City cannot have been a mystery to the plaintiff or its counsel.

To excuse its tardy pursuit of non-party subpoenas, the plaintiff offers yet another contradictory explanation for its delay.  The plaintiff now says it in fact sought evidence

---

[4] (Doc. 8 at 2, 3).

regarding comparators (and Ordinance 2127, and the defendants' treatment of the plaintiff) "from the City itself through written and oral discovery" and "reasonably pivot[ed]" to subpoenas "when it became apparent through the City's responses to discovery that the City either lacked or would not produce this evidence." (Doc. 57 at 5). Oral discovery can refer only to the depositions of Craft and Walker and so is an inadequate excuse for reasons provided in Part I.A. That leaves for consideration written discovery.

The discovery requests presently at issue are styled as the plaintiff's "fourth set." (Doc. 48 at 5). The docket reflects a notice of service of the plaintiff's third set of written discovery on December 3, 2025. (Doc. 28). The plaintiff apparently propounded two sets of written discovery before then, but the docket does not reflect this fact. Nor does the record disclose the content of any of the plaintiff's written discovery requests. The Rule 16(b) scheduling order requires that motions to compel quote in full both the interrogatory or request at issue and the opponent's response to it. (Doc. 8 at 4-5). This matter is not before the Court on a motion to compel, but a similar procedure obtains, for similar reasons. Because the plaintiff has not presented its written discovery requests for review, it has not shown that it in fact timely sought from the defendants the same comparator evidence it now seeks directly from the comparators.[5]

C. Conclusion.

The plaintiff argues that the defendants will not be prejudiced by the additional discovery but that it will be prejudiced by the lack of such discovery. The plaintiff maintains it would be "fundamentally unfair" for the defendants to agree to the resumed depositions of Craft and Walker but then oppose post-deposition written discovery.

---

[5] There are ample grounds to doubt the plaintiff's story. First is its irreconcilable inconsistency with the plaintiff's other asserted reasons for delaying the challenged discovery until January 8. Second is the implausibility that the plaintiff would now propound requests for production to the defendants that are redundant with requests the plaintiff has already made. Third is the plaintiff's failure to file a motion to compel in response to the defendants' asserted refusal to produce requested comparator evidence.

(Doc. 57 at 9-11). The short answer is this: "If a party was not diligent, the good cause inquiry should end." *MidAmerica C2L Inc. v. Siemens Energy Inc.*, 25 F.4th 1312, 1335 (11th Cir. 2022) (internal quotes omitted). Prejudice or perceived unfairness has no place in the Rule 16(b)(4) calculus. *Donley v. City of Morrow*, 601 Fed. Appx. 805, 811-12 (11th Cir. 2015). The somewhat longer answer is that the plaintiff is probably wrong about prejudice to the defendants and is certainly wrong about unfairness. The defendants have not, as the plaintiff imagines, extracted some advantage by agreeing to be deposed after the discovery deadline; it is the plaintiff, as the discovering party, that benefits from those depositions. The plaintiff's inability to obtain further written discovery is the direct result of its own litigation choices. That may be unfortunate, and it may prejudice the plaintiff, but it is not at all unfair.

For the plentiful reasons identified above, the plaintiff's deemed motion to re-open discovery is **granted** for the limited purpose of concluding the depositions of Craft and Walker and is in all other respects **denied**. The plaintiff's motion to compel is **denied.** The defendants' motion to quash is **granted**, and the eight non-party subpoenas at issue are **quashed**.[6]

## II. Motion to Strike.

As noted, the plaintiff first identified Cliff McCollum as a witness on January 8, 2026. The plaintiff did so via supplemental initial disclosures and supplemental responses to the defendants' fourth set of interrogatories. (Doc. 45 at 2). The plaintiff states that McCollum, who serves as director of constituent services for the Baldwin County legislative delegation, "has knowledge regarding ... the background and intent," the "context and purpose," of Amendment 921 to the Alabama Constitution and the scope

---

[6] The plaintiff filed a combined reply brief in support of its motion to extend the discovery deadline and sur-reply in opposition to the defendants' motion to quash. (Doc. 57). The defendants move to strike this filing as an unauthorized sur-reply. (Doc. 61). The motion is **denied**, as the defendants admit they are unable to identify anything in the filing that is not properly designated as an authorized reply. (*Id*. at 3-4).

of the authority it confers on the City to enact ordinances regulating golf carts and low-speed vehicles.  The plaintiff states that McCollum also has knowledge regarding "the background and intent" of unidentified "statutory provisions relied upon by municipalities for golf cart regulation and road designation."  (*Id*. at 2-3).[7]

       The threshold issue is the timeliness of this disclosure.  Expert witnesses must be disclosed "at the times ... that the court orders," Fed. R. Civ. P. 26(a)(2)(D), and the Rule 16(b) scheduling order, as amended, required the plaintiff to disclose all expert witnesses no later than September 19, 2025.  (Doc. 25).  Persons likely to have discoverable information must be disclosed initially in accordance with "court order," Fed. R. Civ. P. 26(a)(1)(C), and the Rule 16(b) scheduling order required the plaintiff to make initial disclosures no later than May 8, 2025.  (Doc. 8 at 2).  Interrogatories must be responded to within 30 days after service, Fed. R. Civ. P. 33(b)(2); *accord* Doc. 8 at 3, and the plaintiff responded to the defendants' fourth set of written discovery on September 9, 2025.  (Doc. 24).  The plaintiff's disclosures and discovery responses of January 8, 2025 came four to eight months after these deadlines passed.

       Disclosures under Rule 26(a)(1) and (2), and interrogatory responses under Rule 33, must be supplemented "in a timely manner ... or ... as ordered by the court."  Fed. R. Civ. P. 26(e)(1), (a)(2)(E).  The Rule 16(b) scheduling order required such supplementation "to be accomplished 'at appropriate intervals' and 'seasonably.'"  (Doc. 8 at 3).  "There is nothing 'seasonable' about ... identify[ing] trial witnesses after the close of discovery ...."  *Gould v. Transamerica Life Insurance Co.*, 2012 WL 13048566 at *2 (S.D. Ala. 2012).  Technically, the plaintiff's supplementation occurred approximately 32 hours before the discovery period expired at midnight on January 9, but this is no more seasonable than in *Gould*.

       "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence

---

[7] The defendants do not, as they assert, attach the plaintiff's supplemental disclosures and discovery responses as exhibits, but they do purport to quote them in full, and the plaintiff does not claim that it has been misquoted.

10

on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The burden is on the party facing sanctions to prove that its failure to comply with Rule 26(a) was substantially justified or harmless." *Rembrandt Vision Technologies, L.P. v. Johnson & Johnson Vision Care, Inc.*, 725 F.3d 1377, 1381 (11th Cir. 2013) (internal quotes omitted). The defendants argue that, whether McCollum is considered as an expert witness (as the defendants claim) or as a fact witness (as the plaintiff maintains), the plaintiff's tardy disclosure of him is neither substantially justified nor harmless. (Doc. 56 at 55-7).[8]

    The plaintiff says its late disclosure is substantially justified, (Doc. 58 at 5), but it offers not one word of explanation how this could be so. Clearly, it cannot be. As noted, McCollum is intended to address how Amendment 921 and certain state statutes, all "concerning the operation of golf carts on municipal streets in Baldwin County," came to be, their "purpose," the legislative "intent behind" them, and "the scope of authority granted to municipalities ... for regulating golf carts and [low-speed vehicles]" by them. (Doc. 45 at 3). The plaintiff seeks such testimony because these "constitutional and statutory provisions [were] relied upon by municipalities for golf cart regulation and road designation," including City ordinances. (*Id.*).

    Amendment 921, alternatively cited as § 2-9.00, became effective on January 1, 2023. It addresses "Use of Golf Carts," permitting Baldwin County municipalities to authorize the use of golf carts subject to certain conditions, restrictions, and obligations. Ordinance 2127, which the amended pleading explicitly challenges, was adopted in August 2024. It is clear that the plaintiff seeks to challenge Ordinance 2127 as in tension

---

[8] The defendants first raised this argument in their reply brief. Ordinarily, such tardiness would be sufficient grounds not to consider the argument. *Parker v. Exterior Restorations, Inc.*, 653 F. Supp. 3d 1105, 1108 (S.D. Ala. 2023). Here, however, the plaintiff filed a sur-reply, in which it addresses both substantial justification and harmlessness. (Doc. 58 at 5-6). For that reason, and that reason only, the Court considers the parties' arguments on this point. Because the plaintiff's sur-reply responds to an argument the defendants first raised on reply, their motion to strike the sur-reply, (Doc. 61), is **denied**. *Northstar Marine, Inc. v. Huffman*, 2014 WL 6454940 at *1 n.1 (S.D. Ala. 2014) (permitting a sur-reply to "respon[d] to new arguments raised by defendant for the first time in its reply brief").

11

or conflict with Amendment 921.  Even if McCollum is offered only as a fact witness, the relevance of Amendment 921 to this action is a legal matter, and "[t]he misunderstanding of a party or its counsel as to legal matters ... fails to provide good cause for missing a scheduling order deadline."  *Cieutat v. HPCSP Investments, LLC*, 2020 WL 4004806 at *5 (S.D. Ala. 2020); *accord Jiminez*, 146 F.4th at 1002.  The issue here is substantial justification rather than good cause, but a similar rule obtains.  Either counsel recognized the significance of Amendment 921 and other provisions, in which case his dilatoriness in identifying a witness regarding them is not substantially justified,[9] or counsel did not recognize their significance, in which case his oversight is not substantially justified.[10]

    The plaintiff argues that its late disclosure is harmless because:  (1) the defendants are fully aware of Amendment 921 and related statutory provisions and intend to rely on them in defense of this action; (2) the disclosure came before discovery ended; and (3) any prejudice can be cured by allowing a post-discovery deposition of McCollum, to which the plaintiff is amenable.  (Doc. 58 at 5-6).  No doubt the defendants were long aware of Amendment 921 and various related statutes, but they certainly were not aware before January 8 that the plaintiff would offer testimony from McCollum (or anyone else) about those provisions, and that is the source of the harm visited by the plaintiff's late disclosure.  The plaintiff's disclosure was not merely late but occurred only as the discovery period ended.  Summary judgment motions were due and filed on January 30, before briefing on the instant motions concluded.  Those dispositive motions must be

---

[9] "Appellate courts have routinely found no substantial justification when the non-disclosing party failed to act prudently to ensure timely disclosure."  *Bolton v. WJV Mississippi, Inc.*, 2011 WL 482817 at *10 (S.D. Ala. 2011).  "By waiting until the eleventh hour to commence discovery, the defendants created the box in which they find themselves.  This is not the stuff of which substantial justification is made."  *Harrison Brothers Dry Dock & Repair Yard, Inc. v. Pan Agri International, Inc.*, 2009 WL 3273926 at *4 (S.D. Ala. 2009).

[10] *Hartford Casualty Insurance Co. v. Power Play Products, Inc.*, 130 Fed. Appx. 170, 171 (9th Cir. 2005) (mistake or oversight does not rise to the level of "substantially justified"); *Boyd v. Nationstar Mortgage, LLC*, 2017 WL 11633803 at *10 (N.D. Ga. 2017) ("Counsel's oversight does not constitute substantial justification for failing to comply with discovery obligations.").

fully briefed and resolved prior to the April 14 final pretrial conference, with trial set for the May term. (Doc. 8 at 1). Even if McCollum's deposition were allowed, the defendants would thereafter be justified in seeking additional time and discovery in order to challenge his testimony. "As the Court has previously noted, case law firmly supports the proposition that harm is present when the discovery period has closed, even if it is possible to re-open discovery before trial." *McCorvey v. Alabama River Cellulose, LLC*, 2014 WL 5437349 at *2 (S.D. Ala. 2014).

The plaintiff was required to identify McCollum in or before September 2025. By failing to do so until the penultimate day of the discovery period in January 2026, the plaintiff violated its discovery obligations, and it has failed to carry its burden of showing that its tardy disclosure was either substantially justified or harmless. Accordingly, the defendant's motion to strike McCollum as a witness is **granted**. The plaintiff may not offer any evidence from McCollum on motion for summary judgment, at trial, or otherwise.

### III. Motions to Defer.

Motions for summary judgment were due, and were filed, on January 30, 2026. Responses are due on or before February 27, and replies are due on or before March 13. (Doc. 55). On February 4, the plaintiff filed motions under Rule 56(d) to defer ruling on the defendants' dispositive motions or, in the alternative, to deny them without prejudice. (Docs. 59, 60). Supported by counsel's affidavit, the plaintiff asserts that the completion of the depositions of Craft and Walker are necessary predicates to its ability to respond to the defendants' dispositive motions. The plaintiff proposes that the Court either defer ruling on the dispositive motions for 45 days after completion of these depositions or deny the motions with leave to refile following their conclusion.

The Court agrees that the plaintiffs are entitled to complete the depositions of Craft and Walker before responding to the defendants' motions for summary judgment. The Court declines to deny those motions, as that course would unnecessarily require moving the final pretrial conference and trial. The plaintiff indicates that the depositions

have been noticed for February 9, (Doc. 57 at 9), which is consistent with the notice of deposition served on February 6. (Doc. 62). Although it thus appears that the existing briefing schedule can be met, the Court is willing to provide a one-week extension of time for the filing of responsive and reply briefs.[11]

The motions to defer are **granted in part**. The briefing as to all pending dispositive motions (including the plaintiff's motion for partial summary judgment) are **amended** as follows: Opposition briefs must be filed and served on or before **March 6, 2026**, and reply briefs must be filed and served on or before **March 20, 2026**. The Court will take the dispositive motions under submission on March 20, 2026. To the extent the plaintiff seeks additional or different relief, its motions are **denied**.

DONE and ORDERED this 12th day of February, 2026.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[11] The parties are advised to obtain expedited transcript delivery.