IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GULF COAST RENTAL CO L.L.C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 25-0057-WS-M |
| | ) |
| CITY OF GULF SHORES, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

The plaintiff has filed a motion to stay. (Doc. 68). The defendants have filed a response, (Doc. 72), and the motion is ripe for resolution.

This action involves, among other things, the denial of the plaintiff's application for a business license in July of 2022. According to the plaintiff, the denial was based at least in part on multiple 2022 incidents of the plaintiff's principal ("Harris") delivering golf carts within the City of Gulf Shores ("the City") without a license. Two years later, in May and June 2024, Harris was charged with two counts of operating a business without a license by delivering low-speed vehicles within the City. He was convicted by a jury on both counts in September 2025 and appealed on October 17, 2025.

Over four months later, on February 26, 2026, the plaintiff filed the instant motion. By then, the discovery period had closed and dispositive motions had been filed. The final pretrial conference is set for April 14, with bench trial set for the May term. The plaintiff seeks a stay of rulings on dispositive motions, and a stay of trial, pending resolution of Harris's criminal appeal.

Although not clearly stated, it appears that Harris argues on appeal that the business license the plaintiff possessed in 2024 covered golf cart and similar rentals, such that Harris was not in fact operating without a license. An appellate ruling to that effect, the parties appear to assume, would apply to the 2022 incidents, since the plaintiff held the same business license at that time. The plaintiff argues that a favorable appellate

ruling on this point would demonstrate the falsity of a, or the, reason for the denial of his business license application.

The plaintiff invokes the rule that "a court must stay a civil proceeding pending resolution of a related criminal prosecution only when special circumstances so require in the interests of justice." *United States v. Lot 5*, 23 F.3d 359, 364 (11th Cir. 1994) (internal quotes omitted). The plaintiff's cases address only a stay as necessary to protect a litigant's Fifth Amendment right against self-incrimination. *E.g., id.*; *United States v. Hames*, 452 F. Supp. 3d 1284, 1288 (N.D. Ala. 2020). The plaintiff argues that Fifth Amendment concerns are present, (Doc. 68 at 15), but the Court agrees with the defendants that there are none. (Doc. 72 at 8-9). Harris has already been tried and convicted, and the only appellate issue the plaintiff has identified is whether the business license it held extended to golf carts and similar vehicle rentals. If it did, the convictions presumably will be set aside, and if it did not, they will stand. In neither event is Harris subject to a retrial at which his testimony in this case may be used against him.

Even when the Fifth Amendment is not at issue, "a court [has] discretion to stay a case pending the resolution of related proceedings in another forum." *Ortega Trujillo v. Conover & Co. Communications, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2001). This Court considers four factors when considering such a stay: (1) "whether the federal litigation is at an early stage"; (2) "whether a stay will unduly prejudice or tactically disadvantage the non-movant"; (3) "whether a stay will simplify the issues in question and streamline the trial"; and (4) "whether a stay will reduce the burden of litigation on the parties and the court." *F Family South, LLC v. Baldwin County*, 2022 WL 1421496 at *2 (S.D. Ala. 2022). The parties do not acknowledge or address *Ortega Trujillo* or the relevant analysis, but it is clear that, unless a stay promises to produce benefits under the third and/or fourth factors, it cannot be justified.

The plaintiff asserts that Harris's alleged delivery of golf carts without a license was "the reason" it was denied a business license and "the basis" of the denial. (Doc. 68 at 3, 7). The denial, it says, was "solely grounded in" Harris's conduct. (*Id*. at 12). The defendants respond that the denial "was not based solely" on his conduct, and they posit

2

that this means the denial of the plaintiff's application could or would be valid even if the plaintiff was not delivering golf carts without a license. (Doc. 72 at 6-7).

The Court cannot, on this limited briefing, determine which side's version of the evidence is correct. Nor can the Court now determine the legal significance of the defendants relying (if they did), in part or in whole, on a factually or legally incorrect belief that Harris had delivered golf carts without a license. The Court therefore cannot conclude that a ruling in the criminal appeal "will simplify the issues" and/or "reduce the burden of litigation," and it therefore declines to find that grounds exist supporting a stay pending that appeal.

For the reasons set forth above, the plaintiff's motion to stay is **denied**.

Substantial portions of the pending motions for summary judgment plainly do not implicate Harris's delivery of golf carts at all.[1] Other portions may do so[2] but may be resolvable without knowing whether he did so without a business license. If, in reviewing the pending dispositive motions, the Court determines that the issue to be resolved by the criminal appeal is a necessary predicate to resolution of any part of any such motion, the Court will so advise the parties and extend the plaintiff an opportunity to move for a stay under *Ortega Trujillo*.

DONE and ORDERED this 9th day of March, 2026.

                                         s/ WILLIAM H. STEELE
                                         UNITED STATES DISTRICT JUDGE

---

[1] For example, the entity defendants seek summary judgment on Count One on the grounds that mandamus is the wrong procedural vehicle. (Doc. 50 at 6-7). They seek summary judgment on Count Five on grounds peculiar to the Americans with Disabilities Act. (*Id*. at 10-22). They seek summary judgment on Count Six on grounds, *inter alia*, that the plaintiff has no protected property or liberty interest. (*Id*. at 22-25). They seek summary judgment on Count Seven on grounds the plaintiff has no legally sufficient comparator. (*Id*. at 27-30).

[2] Counts Two through Four allege, under different theories, that the defendants' denial of the plaintiff's application for a business license was arbitrary and capricious. (Doc. 1-6 at 172-75).